# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN, | Case No. 1:12-cv-01471-DLB PC |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| J. MOON, | ECF No. 6 |
| Defendant. | RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On September 10, 2012, Plaintiff filed his Complaint. On October 11, 2012, Plaintiff filed his First Amended Complaint. ECF No. 6.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at California State Prison-Corcoran ("CSP-COR") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendant J. Moon, medical doctor.

Plaintiff alleges the following. Plaintiff informed Defendant Moon in 2008 about his eye condition and how previous doctors had ordered to have his left and right eye pteryguim "shaved off." Defendant Moon referred Plaintiff for evaluation by an ophthalmologist on September 15, 2008. On December 29, 2008, Plaintiff was transported to an off-site clinic because CSP-COR did not have such a physician. Dr. Yaplee, the clinic ophthalmologist, recommended surgery. On February 10, 2009, Plaintiff was transported back to the off-site clinic and the surgery was performed on his right eye.

Dr. Yaplee warned Plaintiff of the importance of applying eye medication to his right eye. The eye medication was given to him by CSP-COR medical staff. Plaintiff alerted the nurses upon his arrival regarding his prescribed medication. The nurse told Plaintiff that they did not have his medication, but they would check up on it with the unit doctor, Defendant Moon. Several days elapsed without Plaintiff receiving his eye medication. Plaintiff alerted prison nurses of the excruciating pain in his right eye. The nurse again told Plaintiff that they did not have any medication for him, and that the unit doctor was made aware of his situation.

On February 13, 2009, Plaintiff was transported back to Dr. Yaplee for follow-up care. Plaintiff made Dr. Yaplee aware of Plaintiff's situation. Dr. Yaplee re-ordered the medication, and it was finally give to Plaintiff on February 14, 2009. The medication however had little effect.

On February 24, 2009, Plaintiff complained of vision impairment and pain. Plaintiff filed a health care services medical request form. On March 13, 2009, Plaintiff was transported back to the off-site clinic. Dr. Yaplee extended the medication. Dr. Yaplee informed Plaintiff that his left eye pteryguim surgery would be performed once prison staff made such arrangement, which did not occur.

Plaintiff contends a violation of the Eighth Amendment. Plaintiff requests as relief compensatory and punitive damages.

**III.    Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against Defendant Moon. Plaintiff has not alleged facts which indicate that Defendant Moon knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges that the nurse told Plaintiff that the unit doctor

would be made aware of Plaintiff's situation, which is not sufficient to demonstrate that Defendant Moon had knowledge of an excessive risk of serious harm to Plaintiff's health.  Additionally, isolated incidents of neglect do not rise to the level of deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against Defendant Moon.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and
4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure

1 to obey a court order and failure to state a claim.

2

3

4 IT IS SO ORDERED.

5    Dated: __**April 6, 2013**__               /s/ *Dennis L. Beck*

6                                               UNITED STATES MAGISTRATE JUDGE