# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MOON,<br><br>　　　　Defendant. | Case No. 1:12-cv-01471 DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT<br><br>(Document 9) |

Plaintiff Robert E. Coleman ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff his complaint on September 10, 2012, and filed a First Amended Complaint as of right on October 11, 2012. The Court screened the First Amended Complaint and dismissed it with leave to amend on April 8, 2013. Plaintiff submitted his Second Amended Complaint on April 25, 2013. The Second Amended Complaint is awaiting screening pursuant to 28 U.S.C. § 1915A(a).

On August 22, 2013, Plaintiff filed a Motion to File a Third Amended Complaint.

### DISCUSSION

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

1

delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, Plaintiff seeks to add a First Amendment retaliation claim against the sole Defendant, Dr. J. Moon. The allegations appear related to events occurring in 2008 and 2009, which is the same time period at issue in the pending Second Amended Complaint.

Accordingly, the Court will permit Plaintiff to amend his complaint. Plaintiff's motion is GRANTED and he shall file a Third Amended Complaint within thirty (30) days of the date of service of this order.

Plaintiff is reminded that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

IT IS SO ORDERED.

Dated:   **August 26, 2013**          /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE

2