**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN, | Case No. 1:12-cv-01471-DLB PC |
| Plaintiff, | **ORDER DISMISSING THIRD AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM** |
| v. | |
| J. MOON, | (ECF No. 11) |
| Defendant. | |

**I.    Background**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.[1] On September 10, 2012, Plaintiff filed his Complaint. On October 11, 2012, Plaintiff filed his First Amended Complaint. (ECF No. 6.) On April 8, 2013, the Court dismissed the complaint, with leave to amend, for failure to state a claim. (ECF No. 7.) On April 25, 2013, Plaintiff filed a second amended complaint. (ECF No. 8.) On August 26, the Court granted Plaintiff leave to file a third amend the complaint. (ECF No. 10.) On September 3, 2013, Plaintiff filed a third amended complaint, which is presently before the Court for screening. (ECF No. 11.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge on October 11, 2012. (ECF No. 5.)

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at California State Prison-Corcoran ("CSP-COR") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendant J. Moon, medical doctor.

Plaintiff alleges the following. While in Administrative Segregation ("Ad-Seg"), Plaintiff engaged in a heated dispute with Defendant Moon over a 602 appeal that he had filed on June 22, 2008, regarding the prison air quality. Plaintiff told Defendant Moon that an Ad-Seg supervisor was supposed to review his appeal. However, Defendant Moon ignored him and denied his appeal, telling Plaintiff to "deal with it" and "stop whinning[sic] like a baby." Plaintiff and Defendant Moon exchanged unpleasant words with one another. Plaintiff was dissatisfied with the appeal outcome and sent his appeal to the next level. Plaintiff never received a reply to his appeal after this point.

Later, Plaintiff informed Defendant Moon in 2008 about his eye condition and how previous doctors had ordered to have his left and right eye pteryguim "shaved off." Defendant Moon referred Plaintiff for evaluation by an ophthalmologist on September 15, 2008. On October 24, 2008, Plaintiff was transported to an off-site clinic because CSP-COR did not have such a physician. Dr.

Yaplee, the clinic ophthalmologist, recommended surgery. On February 10, 2009, Plaintiff was transported back to the off-site clinic and the surgery was performed on his right eye.

Dr. Yaplee warned Plaintiff of the importance of applying eye medication to his right eye. The eye medication was given to him by CSP-COR medical staff. Plaintiff alerted the nurses upon his arrival regarding his prescribed medication. The nurse told Plaintiff that they did not have his medication, but they would check up on it with the unit doctor, Defendant Moon. Several days elapsed without Plaintiff receiving his eye medication. Plaintiff alerted prison nurses of the excruciating pain in his right eye. The nurse again told Plaintiff that they did not have any medication for him, and that the unit doctor was made aware of his situation.

On February 13, 2009, Plaintiff was transported back to Dr. Yaplee for follow-up care. Plaintiff made Dr. Yaplee aware of Plaintiff's situation. Dr. Yaplee re-ordered the medication, and it was finally give to Plaintiff on February 14, 2009. The medication, however, had little effect.

On February 24, 2009, Plaintiff complained of vision impairment and pain. Plaintiff filed a health care services medical request form. Plaintiff was seen by Defendant Moon, who again referred him to Dr. Yaplee. On March 13, 2009, Plaintiff was transported back to the off-site clinic. Dr. Yaplee extended the medication. Dr. Yaplee informed Plaintiff that his left eye pteryguim surgery would be performed once prison staff made such arrangement, which did not occur. Plaintiff alleges that Defendant Moon disregarded his need for surgery because he disliked Plaintiff.

Plaintiff contends violations of the First Amendment and Eighth Amendment. Plaintiff requests as relief compensatory and punitive damages.

**III. Analysis**

    **A. Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against Defendant Moon.  Plaintiff has not alleged facts which indicate that Defendant Moon knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff alleges that the nurse told Plaintiff that the unit doctor would be made aware of Plaintiff's situation, which is not sufficient to demonstrate that Defendant Moon had knowledge of an excessive risk of serious harm to Plaintiff's health.  Additionally, isolated incidents of neglect do not rise to the level of deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

### B. First Amendment—Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262,

1269 (9th Cir. 2009).

Such claims must be evaluated in light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence), with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Finally, the prisoner must demonstrate that her or his First Amendment rights were chilled or infringed by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Brodheim*, 584 F.3d at 1271 (explaining that in *Rhodes*, 408 F.3d at 568-69, the court explicitly held that an objective standard governed the chilling inquiry; the plaintiff need not show that his or her speech was actually inhibited or suppressed); *Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced."); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (explaining that where an inmate quit his law library job in the face of repeated threats of transfer, the inmate demonstrated a chilling effect in violation of his First Amendment rights). "[W]here a prisoner alleges a correctional officer has falsely accused [the prisoner] of violating a prison rule in retaliation for the prisoner's exercise of his [or her] constitutional rights, the correctional officer's accusation is not entitled to the 'some evidence' standard of review that [the court should] afford disciplinary administrative decisions." *Hines*, 108 F.3d at 269; *see also Bruce*, 351 F.3d at 1289.

The Court finds that Plaintiff's allegations are insufficient to state a claim for retaliation, in violation of the First Amendment.  Plaintiff fails to allege facts that the acts of retaliation were objectively sufficient to chill the exercise of his rights.  *See Brodheim*, 584 F.3d at 1271 (explaining that in *Rhodes*, 408 F.3d at 568-69, the court explicitly held that an objective standard governed the chilling inquiry).  Plaintiff claims that he suffered a denial of medical treatment from Defendant Moon as a result of the alleged retaliation.  However, as discussed in detail above, Plaintiff has not sufficiently plead a deliberate indifference claim, in violation of the Eighth Amendment, and

therefore fails to meet the objective standard sufficient to chill speech. Moreover, Plaintiff's conclusory allegations of retaliation are insufficient to state a claim. *Ashcroft,* 556 U.S. at 678. Accordingly, Plaintiff fails to state a claim for retaliation, in violation of the First Amendment.

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 8, 2014**                    /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE