# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MOON,<br><br>　　　　Defendant. | Case No.  1:12-cv-01471 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 14] |

Plaintiff Robert E. Coleman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 10, 2012. Plaintiff consented to the jurisdiction of the Magistrate Judge on October 11, 2012.

On January 8, 2014, the Court dismissed Plaintiff's Third Amended Complaint ("TAC") with prejudice for failure to state a claim and entered judgment.

Plaintiff filed the instant motion for reconsideration on January 24, 2014. Plaintiff moves for reconsideration contending that Defendant Moon did know of and recklessly disregarded an excessive risk to Plaintiff's health by failing to execute his duties as Plaintiff's Primary Care Provider ("PCP").

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

1

1 diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)
2 fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
3 opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."
4 Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent
5 manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest
6 v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).
7 The moving party "must demonstrate both injury and circumstances beyond his control...." Id.
8 (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local
9 Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed
10 to exist which did not exist or were not shown upon such prior motion, or what other grounds
11 exist for the motion."

12    "A motion for reconsideration should not be granted, absent highly unusual
13 circumstances, unless the district court is presented with newly discovered evidence, committed
14 clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals,
15 Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks
16 and citations omitted, and "[a] party seeking reconsideration must show more than a
17 disagreement with the Court's decision, and recapitulation ..." of that which was already
18 considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d
19 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly
20 convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist.
21 v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in
22 part on other grounds, 828 F.2d 514 (9th Cir. 1987).

23    Plaintiff contends that Defendant Moon knew of and recklessly disregarded an excessive
24 risk to Plaintiff's health by failing to execute his duties as his PCP. Plaintiff does not submit any
25 new evidence or facts. His arguments and the evidence he relies on in support were already
26 considered by the Court in dismissing his TAC. The Court previously noted that Plaintiff alleged
27 that the nurse told Plaintiff that the unit doctor would be made aware of the situation, which is
28 insufficient to demonstrate that Defendant Moon had knowledge of and disregarded an excessive

risk of serious harm to Plaintiff's health.  Plaintiff argues that Defendant Moon should have been aware of the situation because department policies and procedures require him to ensure Plaintiff is receiving adequate medical care.  Plaintiff contends that Defendant Moon, had he followed prison protocol, would have been alerted to the fact that Plaintiff had been prescribed post-operative medication.  Again, the Court finds that Plaintiff fails to establish that Defendant Moon knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  In addition, allegations that Defendant Moon failed to adhere to department protocol would amount to negligence, and isolated incidents of neglect do not rise to the level of deliberate indifference to serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

**ORDER**

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **August 25, 2014**            /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE